FILED
December 30, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003179185

Thomas A. Aceituno
PO Box 189
Folsom, CA 95763-0189
Telephone: (916) 985-6486
e-mail: trustee@acetrustee.com

Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In Re,

MCCANN, KEVIN

MCCANN, BRANDEE

    Debtor(s)

Case No. 09-35277-B-7

DCN: TAA-1
DATE: February 1, 2011
TIME: 9:32 AM
DEPT.: B

MOTION FOR SALE OF ASSETS AND

RETURN OF FUNDS PAID TO DEBTORS

I, THOMAS A. ACEITUNO, the duly appointed trustee in the above entitled matter, hereby move for an order authorizing the sale of assets of the estate described below for a total of $25,399.46 subject to overbids at the time of hearing as well as an order compelling the Debtors herein to return the sum of $7,599.81 to the estate:

1.     The Debtors herein filed bankruptcy on July 23, 2009, at which time Thomas A. Aceituno was appointed as Trustee for the bankruptcy estate.

2.     In their initial Schedule B filed on August 6, 2009, the Debtors did not disclose any assets related to a business. However, on the initial Statement of Financial

Affairs, the Debtors reported owning a business known as "Beauty Emporium" located in Jackson, California.

3. The Debtors attended their First Meeting of Creditors on August 17, 2009. At that time, their counsel reported that the Debtors intended to convert to Chapter 13. The Debtors were not asked any further questions, nor did they disclose the reason for the conversion, nor the fact that they had business assets of significant value.

4. On September 11, 2009, after the First Meeting of Creditors but before the conversion to Chapter 13, the Debtors filed an Amended Schedule B to disclose the business assets of the Beauty Emporium. They also filed an Amended Schedule C to claim an exemption in these assets in the total amount of $11,000.

5. An application to convert the case to Chapter 13 was filed on September 11, 2009, together with a proposed Chapter 13 Plan. The court entered an order converting the case to Chapter 13 on September 28, 2009. The Chapter 13 Plan was not approved by the court until June 7, 2010.

6. On August 18, 2010, the case was reconverted to Chapter 7, at which time Thomas A. Aceituno was re-appointed Trustee for the estate. A new Meeting of Creditors was convened on September 13, 2010. The Debtors attended this meeting and for the first time, disclosed to the Trustee that they had significant business assets used in the operation of the Beauty Emporium. During this meeting, they also disclosed that they had in fact sold the assets of the Beauty Emporium while the case was pending in the Chapter 13.

7. The Trustee has subsequently obtained a copy of an Agreement for Purchase and Sale of Business (hereafter the "Purchase Agreement") entered into on March 1, 2010 between the Debtors and Ester and David Dittman (hereafter the "Buyers"). The Purchase Agreement provided that the assets of the Beauty Emporium would be sold to the Buyers for a gross purchase price of $28,000.

Payment was to be made in the form of an initial payment of $15,000.00 with the balance of $13,000 being paid over 24 months commencing on April 1, 2010, plus interest at the rate of 10%[1].

8. The Trustee has confirmed that the Buyers made the initial payment of $15,000 directly to the Debtors. The Trustee has also confirmed that monthly payments for April through September were made by the Buyers directly to the Debtors totaling $3,599.81. The Trustee has since received payments from the Buyers for October, November and December, 2010 totaling $1,799.65.

9. Based upon the Purchase Agreement, there would be an additional $14,400 due over the remaining term of the agreement (final payment due July 1, 2012).

10. The Trustee contacted the Buyers to discuss the sale transaction. The sale was never presented to the court for approval during the Chapter 13 proceeding, nor was any mention of the sale made in the Chapter 13 Plan presented to the court. Now that the case has re-converted to Chapter 7, sale of the Beauty Emporium would require approval of the court.

11. As an incentive for the Buyers to make full payment rather than installment payments, the Trustee and the Buyers have agreed to "discount" the remaining obligation. The Buyers will pay a lump sum of $5,000 in final satisfaction of the purchase of the Beauty Emporium. The payment will be delivered to the Trustee prior to the hearing on this motion for approval of the sale.

12. If the sale is approved as proposed, the total consideration paid by the Buyers for the Beauty Emporium will be $25,399.46, which is approximately 10% less than the original sale price of $28,000.

---

[1] The Purchase Agreement called for monthly payments of $600 per month. The Buyers have been making monthly payments of either $599.88 or $599.89. No explanation has been provided for the discrepancy, but the amount is inconsequential.

13. There were no reported secured creditors holding an interest in the assets of the Beauty Emporium. The Trustee is not aware of any liens or encumbrances against these assets.

14. The payments made to the debtors by the Buyers total $18,599.81. As indicated above, the Debtors claimed exemptions totaling $11,000 in the assets of the Beauty Emporium. Therefore, the Debtors received $7,599.81 in non-exempt funds from the sale. The Trustee is seeking return of these non-exempt funds from the Debtors.

For the reasons above, I pray for an order of the court as follows:

1. Authorizing the sale of the Assets as described above

2. Authorizing the Trustee to execute all documents necessary to conclude the sale.

3. Compelling the Debtors to return the sum of $7,599.81 to the estate.

Respectfully submitted:

DATE: December 30, 2010              /s/ Thomas A. Aceituno